# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GE HEALTHCARE TECHNOLOGIES INC., a Delaware Corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TODD THOMPSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse | CASE NUMBER: *(Número del Caso):* C24-03366 |
|---|---|

725 Court Street Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jay S. Rothman & Associates, 21900 Burbank Blvd., Suite 210, Woodland Hills, CA 91367; 818-986-7870

| DATE: *(Fecha)* 12/12/2024 3:35 PM | Clerk, by *(Secretario)* /s/ K. Whitworth | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |
|---|---|---|

SUMMONS ISSUED

JAY S. ROTHMAN (SBN 49739)
CHRISTOPHER B. CONKLE (SBN 255177)
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367
Telephone:    (818) 986-7870
Facsimile:    (818) 990-3019
cconkle@jayrothmanlaw.com

Per local Rule, This case is assigned to
Judge Mockler, Terri, for all purposes.

Attorneys for Plaintiff Todd Thompson

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| TODD THOMPSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GE HEALTHCARE TECHNOLOGIES INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.**   C24-03366<br><br>1. **Discrimination & Retaliation (Cal. Govt. Code § 12940(j) et. seq.)**<br><br>2. **Failure to Engage in the Interactive Process and Reasonably Accommodate (Cal. Govt. Code §§ 12940 et seq.)**<br><br>3. **Intentional Infliction of Emotional Distress**<br><br>4. **Failure to Pay Meal and Rest Period Compensation (Cal. Lab. Code § 226.7)**<br><br>5. **Failure to Pay Earned Wages (Cal. Lab. Code §§ 204, 206, 218.5 and 218.6)**<br><br>6. **Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 510 and 1194)**<br><br>7. **Failure to Furnish Compliant Wage Statements (Cal. Lab. Code §§ 226 and 226.3)**<br><br>8. **Waiting Time Penalties (Cal. Lab. Code §§ 201, 202 and 203)**<br><br>9. **Unfair Competition (Cal. Bus. & Prof. Code § 17200,** *et seq.***)**<br><br>**[DEMAND FOR JURY TRIAL]** |

1

**COMPLAINT FOR DAMAGES**

Todd Thompson, Plaintiff, ("PLAINTIFF") hereby complains against GE HEALTHCARE TECHNOLOGIES INC., DEFENDANTS, and each of them, and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for violation of California's employment and wage and hour laws. PLAINTIFF alleges that DEFENDANT, GE HealthCare Technologies Inc., by and through any sole proprietors, owners, shareholders, officers, directors, members and managing agents, and alter egos, and DOES 1 Through 100, inclusive "DEFENDANTS"):

2. subjected PLAINTIFF to discrimination and retaliation, in violation of Cal. Govt. Code §§ 12940(k) *et seq.*;

3. failed to engage in the interactive process with PLAINTIFF and reasonably accommodate PLAINTIFF'S disability, in violation of Govt. Code Sections 12900, *et seq.*;

4. intentionally inflicted severe emotional distress on PLAINTIFF;

5. failed to provide PLAINTIFF meal and rest breaks and failed to pay PLAINTIFF meal and rest break compensation, in violation of Labor Code Section 226.7;

6. failed to pay PLAINTIFF earned wages for hours and days worked, in violation of California Labor Code Sections 204, 206, 218.5 and 218.6;

7. failed to pay PLAINTIFF overtime compensation, in violation of Labor Code Sections 510 and 1194;

8. failed to furnish PLAINTIFF with compliant wage statements, in violation of Labor Code Sections 226 and 226.3;

9. failed to pay PLAINTIFF all wages owed at the time of termination, in violation of Labor Code Sections 201 through 203;

10. violated California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* (the "UCL");

11. The foregoing acts and other acts by the DEFENDANTS violated provisions of the Labor Code, including, but not limited to sections 201, 202, 203, 204, 206, 207, 210, 216, 218.5, 218.6, 221-223, 225.5, 226, 226.3, 226.7, 401-410, 510, 512, 515, 551, 552, 553, 558,

2
**COMPLAINT FOR DAMAGES**

1174, 1174.5, 1182, 1197, 2802 and 3751, the UCL, applicable wage order, other laws and regulations and PLAINTIFF'S rights.

12.    PLAINTIFF filed a claim with the California Civil Right Department ("CRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), pursuant to California Government Code section 12965(b) and the California Fair Employment and Housing Act ("FEHA").  PLAINTIFF filed such a claim in a timely fashion and received a "right-to-sue" letter.  Attached as Exhibit "A" and incorporated herein by reference is a true and correct copy of the claim against DEFENDANTS. PLAINTIFF has thus exhausted all administrative remedies and fulfilled all administrative prerequisites.

13.    Venue is proper in this Court because the DEFENDANTS do substantial business in Contra Costa County, California.

## THE PARTIES

14.    Todd Thompson is, and at all times mentioned herein was a competent adult residing in the State of California.

15.    PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS were, at all times relevant herein, the owner, shareholder, sole proprietor, superintendent, officer, director, manager, and managing agent of DEFENDANTS.

16.    PLAINTIFF is informed and believes, and based thereon alleges, that Defendant, GE HealthCare Technologies Inc., is a Delaware Corporation purportedly authorized to do business within the State of California with its principal place of business located in Contra Costa County, California.

17.    DEFENDANTS are subject to Labor Code and other California law including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq.*, and the applicable Wage Order(s) issued by the Industrial Welfare Commission.

18.    At all times herein mentioned, DEFENDANTS participated in the doing of the acts and omissions herein alleged, were acting within the purpose, course and scope of said agency and/or employment to have been done by the named DEFENDANTS; and

3

**COMPLAINT FOR DAMAGES**

furthermore, the DEFENDANTS, and each of them, were the agents, managing agents, servants, employees, alter-egos, co-conspirators, joint-venturers, partners, successors in interest and predecessors in interest of each of the other DEFENDANTS.

19.    At all times herein mentioned, DEFENDANTS were acting within the purpose, course and scope of said agency and/or employment so as to invoke vicarious liability and *respondeat superior* liability among other theories of liability to hold DEFENDANTS liable and responsible for the injuries and damages to PLAINTIFF.

20.    At all times herein mentioned, DEFENDANTS were members of and engaged in a joint venture, partnership and common enterprise, and acting within the purpose, course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

21.    At all times herein mentioned, the acts and omissions of various DEFENDANTS contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

22.    At all times herein mentioned, DEFENDANTS, including all DEFENDANTS' managing agents, officers and directors, had advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint. At all times relevant herein, DEFENDANTS and/or their managing agents, officers or directors committed and/or participated in the wrongful acts and omissions complained of throughout this complaint or ratified such acts and omissions.  At all times herein mentioned, DEFENDANTS aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

23.    PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 100, are and were individuals, sole proprietorships, corporations, business entities, persons, and partnerships, licensed to do business and/or actually doing business in the State of California.

24.    PLAINTIFF is unaware of the true names and capacities, whether informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and

4

**COMPLAINT FOR DAMAGES**

DOES 1 through 100, are and were individual, corporate, associate, or otherwise, of the DEFENDANTS sued as DOES 1 through 100, inclusive.  They are unknown to PLAINTIFF and therefore sues them by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when they become known to PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 100, inclusive, are indebted to PLAINTIFF as hereinafter alleged, and that PLAINTIFF'S rights against such fictitiously named DEFENDANTS arise from such indebtedness.

25.    PLAINTIFF is informed and believes and on that basis alleges that each Defendant sued in this action, including each Defendant sued by the fictitious names DOES 1 through 100, inclusive, is responsible and liable in some manner for the occurrences, controversies and damages alleged below.

26.    All references to "Defendant", "Defendants", "DEFENDANT, "DEFENDANTS", "company", "company's", "employer" or any similar language, whether singular or plural, shall mean "DEFENDANTS, and each of them" when used throughout this Complaint.

## SPECIFIC ALLEGATIONS

27.    DEFENDANTS employed PLAINTIFF from on or about March 2008 through the present as a Field Engineer.

28.    In 2016 a vehicle ran over PLAINTIFF's left foot causing severe injury. PLAINTIFF returned to work with multiple restrictions and was the only employee in his work unit.

29.    In 2018 PLAINTIFF's treating surgeon issued a formal declaration of disability related to PLAINTIFF's 2016 injury.

30.    Despite making multiple requests to DEFENDANTS, its managers and supervisors, for accommodation, including light duty, orthopedic restrictions and workload limits, the only response PLAINTIFF received was "we're looking into it".

31.    DEFENDANTS never made any attempt to engage in an interactive process

5

**COMPLAINT FOR DAMAGES**

with PLAINTIFF, nor did DEFENDANTS accommodate PLAINTIFF's disability in any way.

32.    PLAINTIFF was also involved in a pair of on-the-job car accidents, where PLAINTIFF was rear-ended and which resulted in injury to PLAINTIFF which constituted, contributed to and compounded his disabilities and status as a disabled person. PLAINTIFF's on-the-job injuries required PLAINTIFF to seek extensive medical treatments over a significant period of time.

33.    In June of 2023 PLAINTIFF attended a meeting with DEFENDANTS', including representatives from Human Resources, Environmental Health and Safety and Management. PLAINTIFF insisted that someone else be assigned to his work unit to share the workload with him.

34.    After that meeting DEFENDANTS assigned another employee to work with PLAINTIFF, permitting him to adhere to the work restrictions put in place by his doctor.

35.    Within two weeks of the new employee being assigned to PLAINTIFF's work unit, DEFENDANTS reassigned that employee to another shift, once again leaving PLAINTIFF to perform all his duties alone.

36.     In December of 2023, DEFENDANTS' staff nurse, Rachel Milne, recommended that PLAINTIFF take unpaid disability after DEFENDANTS made clear to PLAINTIFF that they would not accommodate his disability, or even engage in an interactive process with him to determine what accommodations could be made.

37.    Between 2016 and December 2023 PLAINTIFF routinely met with his personal treating physician.

38.    To date, PLAINTIFF remains on unpaid disability leave because DEFENDANTS refuse to accommodate PLAINTIFF or engage in an interactive process with him to determine what accommodations can be made.

39.    PLAINTIFF attempted to engage in the interactive process with DEFENDANTS and requested reasonable accommodations for a disability.  However, DEFENDANTS failed to engage in the interactive process and failed to provide

6

**COMPLAINT FOR DAMAGES**

PLAINTIFF with a reasonable accommodation as required by the ADA and FEHA.

40.    DEFENDANTS intentionally inflicted severe emotional distress on PLAINTIFF.

41.    DEFENDANTS failed to pay PLAINTIFF meal and rest break premiums for missed, interrupted and delayed breaks.

42.    DEFENDANTS failed to pay PLAINTIFF earned wages for hours and days worked.

43.    DEFENDANTS failed to pay PLAINTIFF overtime rates for all overtime hours worked by PLAINTIFF.

44.    DEFENDANTS failed to provide PLAINTIFF with compliant wage statements.

45.    DEFENDANTS failed to pay PLAINTIFF all wages owed following PLAINTIFF'S termination.

46.    As set forth above, and throughout this complaint, DEFENDANTS engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the UCL, Cal. Bus. & Prof. Code §§17200, *et seq*.

47.    PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS have engaged in other illegal and wrongful acts, which are currently unknown to PLAINTIFF.  Upon discovery of such acts, PLAINTIFF will amend this complaint to allege these unknown illegal and wrongful acts and omissions committed by DEFENDANTS.

48.    Pursuant to the Labor Code, California law and applicable Wage Orders, PLAINTIFF is entitled to all damages, unpaid wages, statutory penalties, waiting time penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of DEFENDANTS, all as alleged throughout this Complaint.

///
///
///

7
**COMPLAINT FOR DAMAGES**

**CAUSES OF ACTION**

**First Cause of Action**

**Discrimination and Retaliation**

(Cal. Govt. Code §§ 12940(j) *et seq.*)

(By PLAINTIFF Against All DEFENDANTS)

49.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

50.    PLAINTIFF was subjected to harassment and retaliation and/or discrimination as set forth herein.  DEFENDANTS discharged, refused to hire, and/or otherwise committed an adverse employment action against PLAINTIFF.

51.    PLAINTIFF'S protected status was a motivating reason for the discharge, refusal to hire, and/or other adverse employment action.

52.    PLAINTIFF was harmed by DEFENDANTS' actions set forth herein, and DEFENDANTS' discharge, refusal to hire, and/or other adverse employment action as to PLAINTIFF was a substantial factor in causing PLAINTIFF'S harm.

**Second Cause of Action**

**Failure to Engage in the Interactive Process and Reasonably Accommodate**

(Cal. Govt. Code §§ 12940 *et seq.*)

(By PLAINTIFF Against All DEFENDANTS)

53.    PLAINTIFF alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

54.    PLAINTIFF was at all times hereto an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940(a) and (c), which prohibit disability/medical condition harassment/discrimination in employment.

55.    DEFENDANT was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§ 12940(a) and (c) and, as such, was barred from harassment/discrimination of PLAINTIFF on the

8

**COMPLAINT FOR DAMAGES**

basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

56. Throughout employment with DEFENDANT, PLAINTIFF suffered from a condition that substantially limits one or more major life activities.

57. Despite having notice of PLAINTIFF's condition, and notice of PLAINTIFF's request for reasonable accommodations, DEFENDANT failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations for PLAINTIFF to continue working effectively in violation of California Government Code §12940(n).

58. As a result of DEFENDANTS failure to engage in the interactive process of accommodation of known disabilities, PLAINTIFF has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which PLAINTIFF is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to PLAINTIFF, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

59. As more fully set forth above, DEFENDANT failure to engage in the interactive process to accommodate PLAINTIFF'S known disabilities was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for PLAINTIFF'S rights and with the intent to vex, injure, punish, and annoy PLAINTIFF so as to cause the injuries sustained by PLAINTIFF. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. PLAINTIFF is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of DEFENDANT.

///

///

///

**COMPLAINT FOR DAMAGES**

**Third Cause of Action**

**Intentional Infliction of Emotional Distress**

(By PLAINTIFF Against All DEFENDANTS)

60.     PLAINTIFF alleges and incorporates by reference herein all allegations set forth in all previous paragraphs of the Complaint.

61.     The acts described in this complaint, specifically in the Statement of Facts, constitute outrageous conduct by DEFENDANTS. The ratification of said acts by DEFENDANTS, and each of them, is also outrageous.  When DEFENDANTS committed the acts described in this Complaint, they did so deliberately and intentionally to cause PLAINTIFF severe emotional distress.  DEFENDANTS' conduct in confirming and ratifying that conduct was done with knowledge that PLAINTIFF'S distress would thereby increase, and was done with wanton and reckless disregard of the probability of causing PLAINTIFF emotional distress.

62.     Such conduct by DEFENDANTS, and each of them, exceeds all normal risks of the employment relationship.

63.     The above acts of defendants and each of them caused PLAINTIFF severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of employment.  As a direct, proximate and foreseeable result of the aforesaid conduct of the DEFENDANTS, and each of them, PLAINTIFF suffered damages and injuries set forth below.

64.     As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF has become mentally upset, distressed and aggravated.  PLAINTIFF claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

65.     As a proximate result of the conduct complained of herein, PLAINTIFF suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe nervous system shock, and thereby sustained serious injuries to physical and mental health, strength and activity, causing extreme physical and emotional pain, all to PLAINTIFF'S general damage in such amount as may be proven.

10

**COMPLAINT FOR DAMAGES**

Said amount is within the jurisdiction of the Superior Court of the State of California.

66.    As a direct and proximate result of the aforementioned wrongful conduct of DEFENDANTS, and each of them, PLAINTIFF incurred medical expenses, the exact nature and extent of which are unknown to PLAINTIFF at this time and PLAINTIFF will ask leave of the Court to amend this Complaint in this regard when the same have been ascertained.

67.    As a direct and proximate result of the aforementioned wrongful conduct of DEFENDANTS, and each of them, PLAINTIFF will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

68.    The acts of DEFENDANTS, and each of them, as hereinabove alleged, were carried out by supervisors, including managers, officers, and/or directors with a conscious disregard for PLAINTIFF'S rights, such as to constitute oppression, fraud, or malice under Cal. Civ. Code section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of DEFENDANTS.

**Fourth Cause of Action**

**Failure to Pay Meal and Rest Period Compensation**

(Cal. Lab. Code § 226.7)

(By PLAINTIFF Against All DEFENDANTS)

69.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

70.    DEFENDANTS routinely failed and refused to provide PLAINTIFF with meal and rest periods during PLAINTIFF'S work shifts, and failed and refused to compensate PLAINTIFF when PLAINTIFF worked during meal and rest periods, had meal and rest periods interrupted, or was required to take late meal or rest periods as required by Labor Code § 226.7 and the other applicable laws and regulations.

71.    DEFENDANTS deprived PLAINTIFF of PLAINTIFF'S rightfully earned compensation for meal and rest periods as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled to

11

**COMPLAINT FOR DAMAGES**

recover such amounts, plus interest thereon, attorney's fees and costs, plus statutory and civil penalties pursuant to Labor Code § 558 and other applicable laws and regulations.

## Fifth Cause of Action

## Failure to Pay Earned Wages

### (Cal. Lab. Code §§ 204, 206, 216, 218.5, 218.6)

### (By PLAINTIFF Against All DEFENDANTS)

72.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

73.    In the last four years past, DEFENDANTS failed and refused to pay PLAINTIFF all the wages earned working for DEFENDANTS as required by the Labor Code and other applicable laws and regulations.

74.    PLAINTIFF has been deprived of rightfully earned wages as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorney's fees and costs and applicable civil and statutory penalties.

## Sixth Cause of Action

## Failure to Pay Overtime Compensation

### (Cal. Lab. Code §§ 510 and 1194)

### (By PLAINTIFF Against All DEFENDANTS)

75.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

76.    DEFENDANTS failed and refused to pay PLAINTIFF the overtime compensation required by the Labor Code and other applicable laws and regulations.

77.    PLAINTIFF has been deprived of rightfully earned and legally required overtime compensation as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation.  PLAINTIFF is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

78.    Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are

12

liable for civil penalties pursuant to Cal. Lab. Code § 558 and other applicable provisions of the Labor Code and other applicable laws and regulations.

**Seventh Cause of Action**

**Failure to Furnish Compliant Wage Statements**

(Labor Code §§ 226 and 226.3)

(By PLAINTIFF Against All DEFENDANTS)

79.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

80.    DEFENDANTS failed to provide PLAINTIFF with timely and accurate wage statements pursuant to Labor Code § 226(a)(1)-(9) by failing to include one or more of the required items of information: gross wages earned (Cal. Lab. Code § 226(a)(1)); total hours worked (Cal. Lab. Code § 226(a)(2)); number of piece rate unites earned and all applicable piece rates (Cal. Lab. Code § 226(a)(3)); all deductions made (Cal. Lab. Code § 226(a)(4)); net wages earned (Cal. Lab. Code § 226(a)(5)); the pay periods' inclusive dates (Cal. Lab. Code § 226(a)(6)); the employee's name and either last four (only) Social Security digits or employee ID number (Cal. Lab. Code § 226(a)(7)); the name and address of the legal entity employing PLAINTIFF (Cal. Lab. Code § 226(a)(8)); all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate (Cal. Lab. Code § 226(a)(9));.

81.    DEFENDANTS are liable for statutory penalties and civil penalties pursuant to Labor Code §§ 226, 226.3 and 558 and the other applicable laws and regulations.

**Eighth Cause of Action**

**Waiting Time Penalties**

(Cal. Lab. Code §§ 201 through 203)

(By PLAINTIFF Against All DEFENDANTS)

82.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

83.    DEFENDANTS willfully failed to pay PLAINTIFF accrued wages and other

13

**COMPLAINT FOR DAMAGES**

compensation due to PLAINTIFF immediately upon termination, or within 72 hours of PLAINTIFF'S resignation.

84.    DEFENDANTS are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to Labor Code § 203 and other applicable laws and regulations.

### Ninth Cause of Action

### Unfair Competition

(Cal. Bus. & Prof Code §§ 17200 *et seq.*)

(By PLAINTIFF Against All DEFENDANTS)

85.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

86.    Shareholders, owners, directors, officers and/or sole proprietors of DEFENDANTS misappropriated and converted to themselves for their individual advantage the unpaid wages and other monies owed to PLAINTIFF as alleged throughout this complaint.

87.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF, and members of the public.  DEFENDANTS' use of such unfair business practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to PLAINTIFF.

88.    DEFENDANTS' unfair business practices entitle PLAINTIFF to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge and restore to PLAINTIFF the compensation unlawfully withheld and for which DEFENDANTS were unjustly enriched.

### PRAYER

WHEREFORE, PLAINTIFF hereby prays that the Court enter judgment in their favor and against DEFENDANTS and DOES 1 Through 100, inclusive, collectively

14

**COMPLAINT FOR DAMAGES**

DEFENDANTS, and each of them, as follows:

(a)    For damages according to proof;

(b)    For payment of earned wages, overtime compensation, meal and rest period compensation, waiting time compensation and other damages according to proof in an amount to be ascertained at trial, and in excess of the jurisdictional limit of this Court;

(c)    For payment of all statutory obligations and penalties as required by law;

(d)    For an accounting, under administration of PLAINTIFF and subject to Court review;

(e)    A declaration of the rights and interests of the parties;

(f)    For prejudgment interest at the legal rate;

(g)    For attorney's fees and costs;

(h)    For costs of suit incurred herein;

(i)    For restitution and disgorgement of ill-gotten profits;

(j)    For punitive damages in an amount sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future; and,

(k)    For such further relief as the Court may deem appropriate.

Dated:  December 10 , 2024              **JAY S. ROTHMAN & ASSOCIATES**

_____
CHRISTOPHER B. CONKLE
JAY S. ROTHMAN
Attorneys for PLAINTIFF Todd Thompson

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury of the foregoing causes of action.

Dated:  December 10 , 2024              **JAY S. ROTHMAN & ASSOCIATES**

_____
CHRISTOPHER B. CONKLE
JAY S. ROTHMAN
Attorneys for PLAINTIFF Todd Thompson

15

**COMPLAINT FOR DAMAGES**

VERIFICATION

I, **Jay Rothman**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 11, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**

-3-
*Complaint – CRD No. 202412-27364911*

Date Filed: December 11, 2024

CRD-ENF 80 RS (Revised 2024/05)